Marshall E. Livingston, J.
Defendants seek a protective order, pursuant to CPLB 3122 vacating plaintiffs ’ notice of discovery which would require the defendants to produce for inspection the written statement of defendant Carlton and the written statement made by one Howard Conners.
With regard to the written statement of defendant Carlton, the defendants claim that no such statement was made, and plaintiffs apparently concede this point.
The attempt of plaintiffs to obtain the statement of Howard Conners is resisted by defendants on the grounds that the statement is material prepared for litigation, and thus condition *333 ally excepted under CPLR 3101 (subd. [d]), and is also the work product of an attorney, and thus absolutely excluded under CPLR 3101 (subd. [e]).
Mr. Conners, the great-grandfather of the infant plaintiff, was an eyewitness to the accident which is the basis of this lawsuit. On June 8, 1966 his written statement was taken by an agent of defendants’ insurance carrier at the direction of defendants’ attorneys. Subsequently, on June 16, 1966 Mr. Conners was examined by defendants’ attorneys at an examination before trial at which he was represented by plaintiffs’ attorneys.
CPLR 3101 (subd. [d]) provides that “ any writing or anything created by or for a party or his agent in preparation for litigation ” shall not be obtainable “ unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship ”. (Italics supplied.)
A statement obtained by an insurance carrier from a witness is material prepared for litigation (Zavaglia v. Engert, 23 A D 2d 790). Plaintiffs have not shown that Mr. Conners’ statement cannot be duplicated and that withholding it will result in injustice or undue hardship, as required by CPLR 3101 (subd. [d]). This is particularly so in view of the fact that Mr. Conners’ testimony at the examination before trial is available to plaintiffs.
The case of Beyer v. Keller (11 A D 2d 426), while in some respects similar, is not controlling in this situation. That was a case of a two-year-old plaintiff whose mother witnessed the accident. The court there permitted the inspection of the statement by the mother “ in circumstances such as these where there is a disability on the part of the injured person to testify and where there is such a close relationship between the witness whose statement was taken and the person injured ” (p. 428).
In this case neither the moving papers nor the argument reveal the age of the infant plaintiff Carmen Rivera, nor whether she was under any other disability.
Plaintiffs’ attorney in his affidavit also states, “It,is your deponents belief that the statement taken from Howard Connors [sic] on June 8, 1966 was obtained by misrepresentation and fraud.” (Italics supplied.) The inference appears that because of Mr. Conners ’ age and infirmity he probably does not remember what he said in that statement. The charges of fraud and misrepresentation are not supported except by assertions on the part of plaintiffs’ attorney. (See Di Sabato v. Soffes, 9 A D 2d 297.)
*334 Plaintiffs ’ papers are insufficient and do not properly support either special circumstances or fraudulent misrepresentations (Beyer v. Keller, 11 A D 2d 426, supra).
For these reasons the motion is granted in all respects.